IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PEGGY MAYO, et al. ,

        Plaintiffs,                              Case No. 3:13 cv 01380

     v.

                                                    MEMORANDUM OPINION

FEDERAL EXPRESS, et al. ,

        Defendants.

HELMICK, J.

     Before me is the Defendant Federal Express' ("FedEx") Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs Peggy Mayo, Kenneth McCarty, and minor, J.H.'s (now known as J.M.) complaint on grounds it is barred by the statute of limitations. (Doc. 11). The Plaintiffs have filed a response (Doc. 12), and FedEx has timely filed a reply. (Doc. 13). For the reasons stated below, FedEx's motion to dismiss is granted as to Plaintiffs Peggy Mayo and Kenneth McCarty, and is denied as to Plaintiff J.M.'s negligence claim.

### I. Standard of Review

     In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a trial court's function is to test the legal sufficiency of the complaint. The court shall accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir. 1993). The court need not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 246 (6th Cir. 2012).

     To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Background

The Plaintiffs' amended complaint contains the following allegations. On or about June 23, 2010, the Plaintiffs' vehicle was struck by an automobile under the control of Defendant John Doe while traveling on Interstate 90 in the State of Ohio. The Plaintiff, Peggy Mayo, was the driver of the vehicle, and Plaintiffs Kenneth McCarty and minor child, J.M., were passengers. J.M., was born on November 6, 2009. At the time of the accident, Defendant John Doe was an employee of Defendant FedEx.

Plaintiffs allege John Doe's act caused injury, medical care, current and future pain and suffering, and future medical expenses to all of the Plaintiffs. Further, Plaintiffs allege John Doe was acting in the scope of his employment with FedEx. Plaintiffs assert John Doe is liable both individually and in his capacity as an agent of FedEx, and Plaintiffs assert FedEx is vicariously liable through the doctrine of respondeat superior. The instant suit was initiated on June 21, 2013. FedEx argues Plaintiffs' claims are barred by the statute of limitations.

## III. Analysis

Ohio Rev. Code Ann. § 2305.10(A) provides that "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." The two-year statute of limitations applies to actions arising out of motor vehicle incidents alleging personal injury. The statute accrues on the day of the incident and expires

on the two-year anniversary of the date. *See Thomas v. Galinsky*, No. 2003-G-2537, 2004 WL 1192129 (Ohio Ct. App. May 28, 2004). The statute may be tolled if a defendant "is out of the state, has absconded, or conceals self." Ohio Rev. Code Ann. § 2305.15(A). When the statute is tolled, the limitations period does "not begin to run until the person comes into the state or while the person is so absconded or concealed." *Id.*

In this case, FedEx argues the face of Plaintiffs' complaint reveals the two year statute of limitations has run on all claims. The motor vehicle incident occurred on or about June 23, 2010, and the action was not initiated until June 21, 2013. Plaintiffs contend, however, that the statute of limitations is tolled for J.M.'s claim because he is a minor. Moreover, Plaintiffs appear to contend that FedEx is "out of state" for purposes of R.C. 2305.15(A), and that this tolls the limitations period.[1]

## A. Minor's Claim

Minor J.M.'s claim is tolled and survives FedEx's motion to dismiss. A person who is a minor at the time a claim accrues may bring the claim within the statutory period after the disability was removed. Ohio Rev. Code Ann. § 2305.16; *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010). In this case, the complaint states that J.M. was a minor at the time the cause of action accrued. As a result, J.M. is entitled to bring the claim at any time during the period of disability or within the statutory period after

---

[1] In addition to arguing the statute of limitations is tolled as to FedEx because it is an out of state corporation, Plaintiffs argue the statute of limitations is tolled as to Defendant truck driver John Doe because he is an out of state resident of Florida. Though I will issue a contemporaneous order for Plaintiffs to show cause why the claims against John Doe should not be dismissed, I express no opinion as to John Doe here, as FedEx's motion only seeks dismissal as to FedEx.

Notably, FedEx's reply brief makes cursory references to "FedEx and its driver." (Defs.' Reply in Supp. Mo., Doc. 13 at 3). Moreover, FedEx's reply passingly asserts that because the cover page of Plaintiffs' amended complaint "deleted the John Doe driver defendant and added a second address for Federal Express," Plaintiffs must have dismissed John Doe from the action entirely. *Id.* at 5. To the contrary, the enumeration of parties in the body of the complaint still includes John Doe, and the amended complaint's substantive allegations remain identical to those in the original complaint. In any event, FedEx's motion, on its face, seeks dismissal for FedEx alone. As such, I express no opinion as to John Doe here.

3

the disability was removed. FedEx's reply brief admits as much. (Defs.' Reply in Supp. Mo., Doc. 13 at 2 n.1). Accordingly, FedEx's motion to dismiss is denied as to J.M.

### B. Federal Express

The statute of limitations bars Plaintiffs' claims against FedEx, and Plaintiffs' argument that R.C. 2305.15(A) tolls the statute of limitations due to FedEx's out of state status is unavailing. In *Bendix Autolite Corp. v. Midwesco Enterprises Inc.*, 486 U.S. 888 (1988), the Supreme Court held that tolling the limitations period against a corporation because it is out of state creates an unconstitutional burden on interstate commerce. Such perpetual tolling, the Supreme Court reasoned, effectively denies out of state corporations the statute of limitations defense entirely. This places an impermissible burden on interstate commerce. *Id.* at 893-95. Accordingly, FedEx's out of state status does not toll the statute of limitations in this case.

Even if application of R.C. 2305.15(A)'s tolling provision was not unconstitutional, Plaintiffs still have failed to allege sufficient facts to toll the statute. As explained by the Northern District of Ohio in *Tesar v. Hallas,* 738 F. Supp. 240, 241 (N.D. Ohio 1990), the statute of limitations is not tolled where a foreign corporation has consented to personal jurisdiction in the state of Ohio by registering an agent for service of process. In its briefs, FedEx claims it has a statutory agent and identifies that agent. Plaintiffs argue, however, that they never alleged FedEx registered an agent, and therefore argue I must toll the statute because I am limited to considering only those allegations contained in the complaint.

Under *Twombly* and *Iqbal*, *supra*, however, Plaintiffs are obligated to plead sufficient facts to establish a plausible claim for relief. In this instance, a plausible claim that overcomes the statute of limitations necessitates an allegation that FedEx does not have a registered agent in the state of Ohio. Plaintiffs have failed to plead as much, and the statute

of limitations therefore is not tolled. Accordingly, FedEx's motion to dismiss Peggy Mayo's and Kenneth McCarty's complaint is granted.

## IV. Conclusion

For the foregoing reasons, FedEx's motion to dismiss is granted in part and denied in part. The motion is granted as to Peggy Mayo's and Kenneth McCarty's claims. The motion is denied as to Plaintiff J.M's claim. (Doc. 11).

SO ORDERED.

                                                    S/ *Jeffrey J. Helmick*
                                                    JEFFREY J. HELMICK
                                                    U.S. DISTRICT JUDGE