UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peggy Mayo et al.,                                          Case No. 3:13 cv 1380

                        Plaintiffs

        v.                                                          MEMORANDUM OPINION
                                                                    & ORDER

Federal Express et al.,

                        Defendants

BRIEF BACKGROUND

        This matter is before me on Plaintiffs' response to my Show Cause Order of June 10, 2014.

(Doc. No. 14).  At issue is service upon Defendant John Doe.  In the Order to Show Cause, I

ordered the following:

> I will allow Plaintiffs two weeks to either perfect service on John Doe
> or provide good cause as to why the complaint against John Doe
> should not be dismissed pursuant to Rule 4(m).   Plaintiffs'
> explanation of good cause, if any, shall be accompanied by citation to
> relevant authority demonstrating why their purported good cause is
> recognized as such within the Sixth Circuit.

(Id. at p. 2).

        The Order also requested Plaintiffs show cause why the complaint against John Doe should

not be dismissed for failure to file the action within Ohio's two year statute of limitations.  (Id. at

p.3).  Plaintiff's response was filed on June 24, 2014.

DISCUSSION

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under rule 4(f) or 4(j)(1).

A district court must extend the time for service of process where the plaintiff establishes good cause for failing to effect service within the 120 day period under Rule 4(m). Alternatively, the court may exercise its discretion and extend the time for service of process even in the absence of showing of good cause. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996). *See also* Fed. R. Civ. P. 4(m), advisory committee's note of 1993.

In considering a permissive extension to effect service of process, other district courts in this Circuit have considered the following factors:

> (1)Whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff made good faith efforts at effecting service of process.

*Slenzka v. Landstar Ranger, Inc*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), *citing Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999).

This case was filed in June 2013 and subsequent motions to dismiss were filed in November 2013. On June 10, 2014, the Order to Show Cause issued. At no time prior to Plaintiffs' response to the Show Cause Order did Plaintiffs seek leave for an extension to serve Defendant John Doe.

2

In response to my June 24, 2014 Order, Plaintiffs stated that good cause was unnecessary to secure additional time to effect service.  Additionally, Plaintiffs posed this request: "Plaintiff [sic] request an 12o form the date of the filing of this opposition to serve John Doe."  (Doc. No. 19 at p. 1).   It is not clear exactly what, in terms of an extension, the Plaintiffs are requesting of this Court.

Plaintiffs then addressed my request regarding the statute of limitations issue as follows:

> Further, the actual driver in this case the John Doe driver in this case was absent from the state as stated in the initial complaint. The Defendant driver, on information and belief, is from Florida. The driver is still unavailable, thus Plaintiffs still cannot obtain service on him until discovery is complete.  Without discovery Plaintiff does not know whether John Doe driver is a Florida Resident traveling for his work with Federal Express or not.  Perhaps he traveled to Ohio wherein he late found employment with Federal Express.

(*Id.* at p. 1-2).

Considering the factors under *Wise*, I decline to exercise discretion to allow additional time for service.

First, significant further delay would be necessary as discovery has not yet begun due to the briefing and adjudication of these important but preliminary issues in this litigation which began in June 2013.  Plaintiffs did not seek an extension of time during or prior to expiration of the 120 day period for service.  Their first request for an extension was made six months after the time for service had expired.  Therefore, the first factor does not favor Plaintiffs.

The second and fourth factors also weigh against Plaintiffs.    A dismissal without prejudice would not substantially prejudice Plaintiffs because it has the same effect as a dismissal with prejudice.  This is because Plaintiffs have not presented any viable argument in support of tolling the statute of limitations[1] as it pertains to Plaintiffs Peggy Mayo and Kenneth McCarty. *See e.g. Grose v. Mansfield Corr. Inst.*, 2007 WL 2781434 *3 (N.D. Ohio 2007).  The allegation in the complaint regarding the identity of Defendant Doe as requiring "the Court's discovery" is insufficient to

---

[1] The accident occurred on June 23, 2010 on Interstate 90 near Elyria, Ohio.  (Doc. No. 7 at ¶¶ 12-17).  Ohio's statute of limitations is two years in personal injury cases.  O.R.C. § 2305.10(A).  The complaint was filed on June 23, 2013, one year after the applicable statute of limitations had run.  (Doc. No. 1).

establish the exercise of due diligence.  *See Bush v. Mercy Health Systems Northern Region*, 2013 WL 1285884 *1 (N.D. Ohio 2013).

The third factor, actual notice of the lawsuit by the Defendant, is neutral as there is nothing in the briefing to support this factor.

Regarding the fifth factor, there is nothing to substantiate good faith efforts at attempting to effect service, either in the complaint or the memoranda responsive to the Show Cause Order.

As three of the five factors weigh heavily against the Plaintiffs, I do not find a basis upon which to exercise discretion to allow for an extension of time to effect service under Rule 4(m) as it pertains to Plaintiffs Peggy Mayo and Kenneth McCarty.  Accordingly, their claims against Defendant John are dismissed with prejudice.

The situation is different at it pertains to the claims of Plaintiff J.M.  As explained in the memorandum opinion of June 10, 2014, those claims are tolled due to J.M's status as a minor. (Doc. No. 15, at pp.3-4).  Therefore, J.M.'s claims against Defendant John Doe may proceed.

## CONCLUSION

Having reviewed and considered Plaintiffs' response to my Show Cause Order of June 10, 2014 (Doc. No. 14), the claims of Plaintiffs Peggy Mayo and Kenneth McCarty as against Defendant John Doe are dismissed with prejudice.  Plaintiff J.M.'s claims against Defendant John Doe are tolled due to J.M.'s status as a minor and may proceed.  As a Case Management Conference will be scheduled shortly, J.M.'s claims and service upon Defendant John Doe will be items to be discussed at that conference.

So Ordered.

s/  Jeffrey J. Helmick
United States District Judge